IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

July 17, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Nik Sams**
DEPUTY CLERK

| | | |
|---|---|---|
| Worldwide Solutions Group Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00092 |
| | ) | |
| Proud Source Water, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Worldwide Solutions Group Inc.'s motion

to enter consent judgment against Defendants Proud Source Water, Inc., Proud Source Water,

LLC, and Source Global, PBC ("Defendants"), (Dkt. 29), as well as defense counsel's motion

to withdraw as counsel, (Dkt. 27). For the following reasons, the court will grant the motion

to enter consent judgment, grant the motion to withdraw, and enter the proposed consent

judgment.

### I.    Background

On November 9, 2025, Plaintiff filed suit against Defendants for breach of contract

and quantum meruit. (Dkt. 1 ¶¶ 53–65.) At the parties' request, this court referred the case

to the Honorable Robert S. Ballou, United States District Judge, to conduct mediation

proceedings. (Dkt. 11.) On May 4, 2026, Judge Ballou reported that the parties resolved the

controversy on mutually agreeable terms. (Dkt. 26.) Judge Ballou directed the parties "to

execute any necessary settlement documents and submit an agreed dismissal order to the presiding District Judge within 30 days." (*Id.*)

The court did not receive a dismissal order from the parties. Instead, on May 29, 2026, counsel for Defendants filed a motion to withdraw as counsel, (Dkt. 27), stating that "Defendants are not responding to communications from counsel" and "not satisfying their financial obligations to counsel as agreed." (Dkt. 28 at 1). The chief legal officer for Defendants consented to this withdrawal. (Dkt. 28-1.)

Three days later, Plaintiff filed a motion to enter a consent judgment. (Dkt. 29.) Plaintiff asserts that the parties reached a binding and enforceable settlement agreement during their mediation proceedings, the terms of which were memorialized in a May 1, 2026, email from Judge Ballou. (*Id.* ¶ 2; Dkt. 29-1.) Plaintiff alleges that Defendants defaulted under the settlement agreement by failing to make the required payment and now owe Plaintiff the full agreed sum of $800,000. (Dkt. 29 ¶ 4; Dkt. 30 ¶¶ 2–5.) Plaintiff seeks entry of a proposed consent judgment as contemplated by the settlement agreement. (Dkt. 29 ¶ 5–6; Dkt. 29-2.)

On June 17, 2026, the court ordered defense counsel to respond to Plaintiff's motion to enter consent judgment. (Dkt. 31.) Defense counsel responded that "[d]espite diligent efforts and several attempts to communicate with our client contact, Kelly Dunham, in regard to the response ordered by the Court, we have been unable to obtain direction for Defendants' response to Plaintiff's Motion to Enter Consent Judgment." (Dkt. 32 at 1.) Defense counsel was "thus unable to provide any basis to oppose Plaintiff's Motion." (*Id.*)

## II.    Standard of Review

"Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing." *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988).  This authority stems from the court's "inherent equitable power summarily to enforce a settlement agreement when the practical effect is merely to enter a judgment by consent." *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981).

"[S]ettlement agreements are treated as contracts subject to the general principles of contract interpretation." *Power Servs., Inc. v. MCI Constructors, Inc.*, 3 F. App'x 190, 192 (4th Cir. 2001).  To enforce a settlement agreement, a court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540–41 (4th Cir. 2002) (cleaned up).  Summary enforcement is not appropriate when there is a "material dispute about the existence of a settlement agreement or the authority of an attorney to enter a settlement agreement on behalf of his client." *Petty v*, 849 F.2d at 132 (citing *Millner*, 643 F.2d at 1009).  But where the parties do not dispute the existence of an agreement or its terms and conditions, a district court has inherent authority to enforce the agreement "without a plenary hearing." *Id.*

## III.    Analysis

### A.  Motion to enforce settlement

As a threshold matter, Defendants have not disputed the existence of an agreement or its terms and conditions.  (Dkt. 32.)  The court may thus enforce the agreement "without a plenary hearing." *Petty*, 849 F.2d at 132.

The court is satisfied that "that the parties reached a complete agreement." *Hensley*, 277 F.3d at 540 (cleaned up). Judge Ballou's email to the parties outlined "the terms upon which the parties have agreed for settlement of this case," (Dkt. 29-1 at 1), and while the parties never ultimately executed a settlement agreement, "[o]ral agreements to settle litigation are, of course, enforceable," *Fox Grocery Co. v. Min. Labs, Inc.*, 960 F.2d 146 (4th Cir. 1992). The fact "that the parties contemplated committing their agreement to a more formal writing does not suggest that no contract existed at the time the parties agreed to the terms." *Protherapy Assocs., LLC v. AFS of Bastian, Inc.*, No. 6:10-cv-0017, 2010 WL 2696638, at *2 (W.D. Va. July 7, 2010); *see also Sengal v. Fakouri Elec. Eng'g, Inc.*, No. 1:10-cv-538, 2011 WL 5873376, at *3 (E.D. Va. Nov. 22, 2011) ("In Virginia, binding oral and written contracts exist where the parties' intention to be bound is objectively manifested even though a subsequent formal agreement is contemplated." (cleaned up)).

The court is also readily "able to determine [the agreement's] terms and conditions." *Hensley*, 277 F.3d at 541 (cleaned up). The parties agreed that Defendants would pay $800,000 to Plaintiff, with a $10,000 payment due June 1, 2026; a $190,000 payment due August 1, 2026; and six payments of $100,000 per month due thereafter. (Dkt. 29-1 ¶ 1.) The parties agreed that Defendants would be in "default of the payment obligation if the amount due is not paid within five (5) days of the date due" or within the allotted cure period. (*Id.* ¶¶ 2, 5–6.) The parties also agreed that "[u]pon default, all amounts due under this agreement are accelerated and due immediately." (*Id.* ¶ 6.)

Defendants do not dispute that they failed to make the initial $10,000 payment due June 1, 2026, and that they have been in default since at least June 6, 2026. (Dkt. 30 ¶¶ 2–3;

Dkt. 32).  For this reason, the court is satisfied that entry of the Consent Judgment for an accelerated $800,000—which the parties agreed would be the result of an uncured default by Defendants, (Dkt. 29 ¶ 5; Dkt. 29-1 ¶ 6)—is warranted.

Lastly, Plaintiff has requested entry of a consent judgment.  A consent judgment is a negotiated settlement that "'has elements of both judgment and contract,' and is subject to 'judicial approval and oversight' generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (quoting *Smyth v. Rivero*, 282 F.3d 268, 279–80 (4th Cir. 2002)).  Courts subject proposed consent judgments to "careful scrutiny" because an approved consent judgment will have the force of a judicial judgment.  *Smyth*, 282 F.3d at 280 (cleaned up).  Although courts may decide whether to approve a consent judgment or not, they cannot alter the proposed consent judgment.  *See United States v. Duke Energy Carolinas*, LLC, 499 F. Supp. 3d 213, 217 (M.D.N.C 2020) (collecting cases).

Before deciding whether to accept this consent judgment, the court must determine that it is "fair, adequate, and reasonable" and "not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (cleaned up).  This requires the court to "assess the strength of the plaintiff's case," as well as "consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Id.* (cleaned up).

All factors support entering the consent judgment.  Plaintiff presented a strong case against Defendants that resulted in a settlement for a substantial sum.  While the parties do not appear to have engaged in discovery, the parties are represented by experienced counsel

and engaged in an arm's-length negotiation in a court-ordered settlement conference. Likewise, the court sees no evidence of collusion. Because this consent judgment is "fair, adequate, and reasonable" and not against the public interest, *North Carolina*, 180 F.3d at 581, the court will execute the parties' proposed consent judgment.

## B. Motion to withdraw

The Local Rules of the Western District of Virginia govern withdrawal of attorneys. Rule 6(i) states that "[n]o attorney of record shall withdraw from any cause pending in this Court, except with the consent of the Court for good cause shown." W.D. Va. Civ. R. 6(i). The withdrawal of an attorney is also governed by the Virginia State Bar Rules of Professional Conduct, which provides in relevant part: "[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or . . . other good cause for withdrawal exists." Va. Rules Prof'l Conduct 1.16 (b).

The court finds good cause to grant withdrawal. According to defense counsel, "Defendants are not responding to communications from counsel" and "not satisfying their financial obligations to counsel as agreed." (Dkt. 28 at 1). This creates both "an unreasonable financial burden" and an "unreasonably difficult" representation for defense counsel. Va. Rules Prof'l Conduct 1.16 (b). Moreover, the chief legal officer for Defendants has explicitly approved counsel's attempt to withdraw. (Dkt. 28-1.) Finally, while the court expects Plaintiff to move for an award for reasonable attorney's fees, (*see* Dkt. 29-2 ¶ 2), that future motion could be decided "without material adverse effect" to Defendants, even if Defendants are

unrepresented.  The court can independently ascertain fair and reasonable attorney's fees.  *See Haught v. Wireless Ctr., Inc.*, No. 3:16CV942-HEH, 2017 WL 2193246, at *1 (E.D. Va. May 8, 2017) ("The Court has the discretion to determine what constitutes reasonable attorney's fees."); *see also* Order, *Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified On Schedule A*, No. 8:23-cv-49 (M.D. Fla. Apr. 14, 2023) (granting a motion to withdraw with "only one pending ancillary matter remaining—namely, [a] motion for attorney's fees").

## IV.    Conclusion and Order

For these reasons, the court **GRANTS** Defendants' motion to enforce judgment. (Dkt. 29.)  The proposed consent judgment will be entered shortly.  The court will retain jurisdiction to decide any motion for reasonable attorney's fees and costs, and a subsequent judgment will be entered once the court determines what constitutes reasonable attorney's fees, costs, and expenses upon filing of such a motion by Plaintiff.  The court **GRANTS** defense counsel's motion to withdraw.  (Dkt. 27.)  If Defendants plan to hire new counsel, said counsel should file a notice of appearance within 21 days of this order.  Otherwise, the court will assume Defendants will proceed *pro se*.

The Clerk is directed to send a copy of this Order to all counsel of record and to Kelly Dunham at the address listed in Defendants' proposed order.  (*See* Dkt. 28-2 at 1.)

**IT IS SO ORDERED.**

**ENTERED** this 17th day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE